JOHNSON v. CHARLESTON AND SAVANNAH RY. CO.

1. APPEAL—RES JUDICATA.—Where a point decided on Circuit is affirmed on appeal by division of the Justices of this Court, such judgment becomes the law of *that* case.

2. CONTRACT—RAILROADS.—Failure to make tender of all payments due by the Relief Hospital Department of the Plant System of Railroads, after acceptance by employee of portion of such payments, does not permit him to escape the contract, but he has his action on the contract against the association to compel full performance.

Before GAGE, J., Charleston, November, 1899. Affirmed.

Action for damages by Willis Johnson against Charleston and Savannah Railway Co. From verdict for defendant, plaintiff appeals.

*Mr. W. St. Julien Jervey,* for appellant, cites: *As to the first point:* 54 S. C., 113; 4 S. C., 106; 17 S. C., 9; 56 S. C., 456; 27 S. C., 248.

*Messrs. Mordecai & Gadsden,* contra, cite: *As to first point:* 36 S. C., 206. *As to second:* 35 S. E. R., 82; 7 S. E. R., 84; 70 N. W. R., 630.

Aug. 23, 1900. The opinion of the Court was delivered by

MR. JUSTICE JONES. This appeal is from a judgment for defendant in an action by an employee for damages for injury alleged to have been caused by defendant's negligence. The answer, with other defenses, set up a contract of plain-

tiff with the Relief Hospital Department of the Plant System, whereby, after·injury he received certain payments of money and other benefits,·and in consideration of such contract and acceptance of benefits thereunder, released defendant from liability for said injury.  On the former trial plaintiff demurred to the defense for insufficiency on the ground that said contract was contrary to law and against public policy. This demurrer was overruled, and on appeal from the order overruling the demurrer, the judgment of the Circuit Court was not reversed.  The members of the Supreme Court being equally divided on the question, the judgment of this Court was that the judgment of the Circuit Court stands affirmed, under the Constitution.  See 55 S. C., 152.

On the trial thereafter, resulting in the judgment now appealed from, the plaintiff requested the Circuit Court, Judge Gage, presiding, to charge the jury as follows: "8. The contract on which the affirmative defense of the defendant is based is contrary to public policy and void.  And no act of the parties can give vitality to a void contract or ratify the same.  9. If the acceptance of benefits under the hospital and relief department is a carrying out or ratification of the original agreement, it cannot avail as a defense when the original agreement is null and void.  10. The tender and acceptance of payments under the contract do not amount to an acquittance unless such tender was in full of all claims under the contract."

The first and second mentioned requests were refused, the Court holding and charging that the effect of the overruling the demurrer by Judge Watts and its affirmance by an equal division of the Supreme Court on appeal therefrom, was to decide that the said contract was not void as against public policy, and that the defense, if proven, was a good defense, and that such question was *res judicata*.  The request numbered 10 above was refused on the ground that as, under the ruling of Judge Watts, the contract set up was valid, if plaintiff has accepted benefits thereunder, he is remitted to that contract for his remedy for full performance thereof.

We agree with the Circuit Court on both questions presented by this appeal. The first question is whether the affirmance of the judgment of the Circuit Court by an equal division of the Supreme Court on appeal therefrom is *res judicata* of the issue involved as to that case. Art. V., sec. 12, of the Constitution provides: "In all cases decided by the Supreme Court, the concurrence of three of the Justices shall be necessary for a reversal of the judgment below; but if the four Justices equally divide in opinion, the judgment below shall be affirmed, subject to the provisions hereafter prescribed." (Then follow provisions for calling together the Supreme Court *en banc* in certain contingencies, not necessary to be mentioned, as no question arises thereunder in this case.) As every judgment or order of the Circuit Court is the law of that case until reversal by a proper tribunal, and as by reason of the equal division of the Supreme Court on the question the Circuit Court was not reversed, but by reason of such division of the Supreme Court, was affirmed, we think that there can be no doubt that the decision of the issue so made and affirmed is final for the purposes of that case. As it is not necessarily involved here, we express no opinion as to the effect of such affirmance of an issue joined and decided below as a precedent for guidance in other cases involving the same or similar questions.

The next and only remaining question is whether there was error in refusing the tenth request above stated. This question is practically settled by the foregoing; for if the contract set up in the answer is a valid contract, and plaintiff has elected to accept and has accepted benefits thereunder, he could not escape the contract of release because a full tender of all payments due under the contract had not been made to him. By the contract and election to accept certain benefits and payments, he released the defendant from liability. The consideration for the release was the obligation or promise of the association to do certain things, and the release was not conditioned on full performance by such association. For full performance of

the contract by the association, the plaintiff, as correctly ruled below, has his remedy under the contract. See on this point *Petty* v. *Brunswick & W. Ry. Co.*, 35 S. E. Rep., 88.

The judgment of the Circuit Court is affirmed.